# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CAMERON AGUILAR,

    Plaintiff

v.

THE ELEVENTH JUDICIAL DISTRICT COURT, et al.,

    Defendants

Case No.: 3:26-cv-00239-MMD-CSD

**Order**

Re: ECF No. 1, 1-1

Plaintiff is a pretrial detainee in the custody of Mineral County, although at the time he filed his complaint he had been admitted to Lake's Crossing for competency proceedings. He has filed an application for leave to proceed in forma pauperis (ECF No. 1) and a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1).

Plaintiff's claims relate to ongoing criminal proceedings against him in state court and seek dismissal of the charges pending against him. In the alternative, he seeks monetary damages.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A pretrial detainee challenging his continued custody or detention in state court should file his claim pursuant to 28 U.S.C. § 2241. *See McNeely v. Blanas*, 336 F.3d 822, 824 (9th Cir. 2003). Thus, to the extent Plaintiff seeks dismissal of the charges and, consequently, release from custody, his claims must be presented in a petition for habeas relief pursuant to 28 U.S.C. § 2241.

To the extent Plaintiff seeks monetary damages, those may be pursued in a § 1983 complaint. However, several of the claims Plaintiff raises may not proceed in a § 1983 complaint. For example, Plaintiff raises a speedy trial claim, but monetary damages are not available for a speedy trial violation. *Betterman v. Montana*, 578 U.S. 437, 444, 136 S. Ct. 1609, 1615, 194 L. Ed. 2d 723 (2016) ("The sole remedy for a violation of the speedy trial right [is] dismissal of the charges."). Plaintiff also names the Eleventh Judicial District Court, which may not be named as a defendant in a § 1983 suit.[1] Likewise, Plaintiff's claims against the district attorneys and his public defender are likely to be dismissed, as one likely has prosecutorial immunity[2] and the other is not a state actor[3] for purposes of § 1983.

---

[1] Nevada's district courts are created pursuant to Art. 6 § 1 of the Constitution of the State of Nevada, and are therefore arms of the state. As such, they are not persons for § 1983 purposes and have sovereign immunity under the Eleventh Amendment. *See Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024).

[2] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors may claim absolute immunity from damages liability for actions "intimately associated with the judicial phase of the criminal process," such as the initiation of the prosecution and presentation of the state's case) The prosecutor has absolute immunity "when performing the traditional functions of an advocate" but is not entitled to immunity when performing the role of "administrator or investigative officer rather than that of advocate." *Kalina v. Fletcher*, 522 U.S. 118, 125, 131 (1997).

[3] The public defender, when acting in role of advocate, is not a State actor for purposes of section 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Card v. Alameda Cnty. Dist. Attorney's Off.*, No. 24-CV-00444-AMO (PR), 2024 WL 3297068, at *5 (N.D. Cal. July 2, 2024) ("A public defender does not act under color of state law, an essential element of a claim under section 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments, or *even in the initial representation to determine a client's mental competency*.") (emphasis added). Where a public defender is performing administrative or investigative functions, however, she may be acting under color of state law. *Vermont v. Brillon*, 556 U.S. 81, 91, n.7 (2009); *see also Miranda v. Clark County*, 319 F.3d 465 (9th Cir. 2003) (claim against the administrative head of the county public defender's office that determined overall allocation of office resources could proceed under 1983).

Because it is unclear what type of action Plaintiff intended to initiate, the court will therefore order the Plaintiff to clarify whether he intends to pursue his claims under 42 U.S.C. § 1983 or whether, instead, he intended to file a § 2241 habeas petition. The court will direct the Clerk of Court to send Plaintiff a copy of the § 2241 form. Plaintiff will have thirty days from the date of this order to re-file his claims on a habeas petition, using this case number, if that is the type of relief he seeks. If Plaintiff does not file a petition for writ of habeas corpus by that time, the court will consider his IFP application and screen his complaint under § 1983.

**CONCLUSION**

Accordingly, the Clerk shall **SEND** Plaintiff a copy of the approved form and instructions for a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Plaintiff will have **30 days** from the date of this order to file his claims on the § 2241 form, if that is the form of relief he seeks. If Plaintiff does not timely file his claims on the § 2241 form, the court will proceed to consider the IFP application and screen the complaint under § 1983.

**IT IS SO ORDERED**.

Dated: July 13, 2026

_____
Craig S. Denney
United States Magistrate Judge

3
